IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FELICITY ROSS,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:25-CV-1624-L** |
| **EPC MULTIFAMILY PARTNERS, V LLC,** *et al.*, | § § § § | |
| Defendants. | § § | |

## ORDER

For the reasons herein explained, the court *sua sponte* **remands** this action to state court for lack of subject matter jurisdiction.

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power

Order – Page 1

to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.* Federal courts must presume that an action lies outside its limited jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). A federal court also has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case, *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), and it may raise the issue *sua sponte*. *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005).

The burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it.")) (footnote and citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). Failure to allege adequately the basis of diversity mandates remand of an action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). Courts must also construe all doubts regarding the propriety of removal strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp.*, 841 F.2d at 1258. A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d

793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citation omitted). Thus, while citizenship is synonymous with domicile, it is not synonymous with residency because individuals can have more than one residence. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("**[C]itizenship and residence, *as often declared by this court*, are not synonymous terms**. Citizenship requires not only '[r]esidence in fact' but also 'the purpose to make the place of residence one's home.'")) (emphasis added and citation omitted). This is not a new concept or rule of law. Over seventy years ago, the Fifth Circuit noted that "[r]esidence alone is not the equivalent of citizenship." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). As recently reaffirmed by the Fifth Circuit, a mere allegation of residency "does not satisfy the requirement of an allegation of citizenship." *SXSW, L.L.C. v. Federal Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984)).

Additionally, the party seeking to establish jurisdiction based on diversity "must offer more than conclusory statements" to establish citizenship.[1] *Id.* at 803. Even if the parties agree that a plaintiff of defendant is a citizen of a particular state, which is a legal conclusion, "subject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). Parties can admit or stipulate to facts underlying the existence of jurisdiction, but they cannot consent to jurisdiction. *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1060 (5th Cir. 2022) (citing *Railway Co. v. Ramsey*, 89 U.S. 322, 327 (1874)) (other citations omitted).

---

[1] In *Coury v. Prot*, the Fifth Circuit explained that, in determining a person's domicile, courts "must address a variety of factors" with "[n]o single factor [being] determinative." 85 F.3d 244, 251 (5th Cir. 1996). These "factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* (citations omitted).

Order – Page 3

This action was removed to federal court based on diversity of citizenship. No motion to remand for lack of subject matter jurisdiction was filed by Plaintiff. This, however, does not preclude the court from *sua sponte* exercising its independent duty, at any level of the proceedings, of ensuring that it has subject matter jurisdiction over a case. *See Ruhgras AG*, 526 U.S. at 583; *McDonal*, 408 F.3d at 182 n.5.

Here, the Notice of Removal filed by Defendants on June 24, 2025, alleges the existence of jurisdiction based on diversity of citizenship. In this regard, Defendants allege in paragraph 4 of their Notice of Removal: "Plaintiff is a citizen of Texas, as evidenced by her admission that she resides in the State of Texas. *See Plaintiff's Original Petition, p. 2, titled "Parties and Service*." Plaintiff, however, does not allege in her state court Petition that she is domiciled in or a citizen of Texas. She merely alleges that she resides in Dallas County, Texas. Pl.'s Pet. ¶ 2. As explained, it is well-established that residency is not synonymous with citizenship and insufficient to establish citizenship. Additionally, there are no factual allegations in the Notice of Removal or Plaintiff's Petition from which the court can ascertain whether Plaintiff is domiciled in Texas, as opposed to merely residing in Texas.[2] Accordingly, Defendants have failed to satisfy their burden as the removing parties of establishing the existence of subject matter jurisdiction based on diversity.

In the past, this court has issued numerous notices of jurisdictional deficiency to give parties a chance to cure deficiencies such as this. Doing so, however, unnecessarily consumes scarce judicial resources to address a jurisdictional deficiency that, as noted, involves the straightforward and well-established rule of law that residency is not synonymous with citizenship.

---

[2] The court also notes that the Notice of Removal does not include sufficient facts from which the court can ascertain the citizenship of the four limited liability company Defendants. *See* Doc. 1 ¶ 6(a)-(b). The Notice of Removal alleges that each of these Defendants is a citizen of Florida, but it does not identify all of the individual members of each limited liability company or allege facts from which the court can verify the citizenship of the members of each limited liability company as required to determine the citizenship of a limited liability company. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (explaining that citizenship "is determined by the citizenship of all of its members.") (citations omitted).

**Order – Page 4**

Moreover, alleging sufficient facts to establish a person's citizenship is not a complex undertaking and usually involves information that is readily obtainable with little effort. *See Coury*, 85 F.3d at 251. For these reasons and because it is not incumbent on the court to educate litigants regarding such well-established rules of law, the court **declines** to give Defendants an opportunity to cure this deficiency.

As Defendants have failed to satisfy their burden of establishing diversity of citizenship, and the court is unable to confirm whether complete diversity of citizenship exists between the parties as required for subject matter jurisdiction based on diversity, it must presume that this action lies outside its limited jurisdiction and remand the action to state court. *See Kokkonen*, 511 U.S. at 377 (citations omitted); *Manguno*, 276 F.3d at 723. Accordingly, the court *sua sponte* **remands** this action for lack of subject matter jurisdiction to the 134th Judicial District Court, Dallas County, Texas, from which it was removed, and it **directs** the clerk of the court to effect the remand in accordance with the usual procedure.

**It is so ordered** this 25th day of June, 2025.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge